LAW OFFICES
**GONZALEZ SAGGIO & HARLAN LLP**
3699 WILSHIRE BOULEVARD, SUITE 890
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 487-1400

Kenneth M. Jones, Esq., State Bar No. 140358
Kenneth_Jones@gshllp.com
Cynthia L. Sands, Esq., State Bar No. 194999
Cynthia_Sands@gshllp.com

**Attorneys for** Defendant Wells Fargo Bank, N.A. (erroneously sued as Wells Fargo & Company)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MARQUEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a corporation and DOES 1-50, inclusive,<br><br>Defendant. | CASE NUMBER: CV09-3473 VBF(Ex)<br><br>**PROTECTIVE ORDER** |

This action (hereinafter the "*Marquez* Action" or "Action") involves the discovery and exchange of information deemed confidential and/or proprietary by the parties in connection with discovery proceedings. The parties desire to expedite the flow of discovery materials, facilitate the prompt resolution of disputes of confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.

Having read and considered the Stipulation for Protective Order, and good cause appearing therefor, it is hereby ORDERED:

1. The parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this

1  Protective Order (hereinafter "Order"). Confidential information is information that
2  has not been made public and that concerns or relates to:
3      A. The identity, compensation, income, employment, hiring, termination
4  of employment, date of birth, social security number, home address, other contact
5  information, financial account numbers, and other information concerning third
6  parties that is protected by the constitutional, legal and statutory rights of privacy; and
7      B. The processes, operations, type of work, production, sales,
8  identification of customers, amount or source of any income, profits, losses, or
9  expenditures of Defendant, or any persons, firm, partnership, corporation, or other
10 organization related to Defendant, the disclosure of which may have the effect of
11 causing harm to the competitive position of any persons, firm partnership, corporation
12 related to Defendant, or to the organization from which the information is obtained.
13      3.   By designating a document, thing, material, testimony or other
14 information derived therefrom as "Confidential" under the terms of this Order, the
15 party making the designation is certifying to the Court that there is a good faith basis
16 both in law and in fact for the designation within the meaning of Federal Rules of
17 Civil Procedure 26(g).
18      4.   Confidential documents shall be so designated by stamping copies of the
19 document produced to a party with the legend "CONFIDENTIAL" on each page
20 thereof so as to identify those documents to which the confidentiality designation
21 pertains. Written discovery and responses thereto, deposition transcripts and exhibits,
22 pleadings, motions, affidavits, declarations and briefs that quote, summarize or
23 contain material entitled to protection shall, to the extent feasible, be prepared in such
24 a manner that the Confidential Information is bound separately from that not entitled
25 to protection.
26 ///
27 ///
28 ///

5. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

6. With respect to all information designated as Confidential and produced pursuant to this Order, such information shall not be disclosed, disseminated, or in any manner shared with any person or entity other than as specifically provided for herein.

7. Under no circumstances shall material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") be used for any purpose other than the prosecution, defense, or settlement of the *Marquez* action, including appeals, unless authorized in writing by the party producing the Confidential Material.

8. Confidential Material produced pursuant to this Order may be disclosed or made available to "Qualified Persons" defined as follows:

    A. Counsel for the parties in this action who are actively engaged in the conduct of this litigation, and partners, associates, secretaries, paralegals, assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in this litigation;

    B. Court officials involved in this litigation including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the court;

    C. Experts or consultants (together with their clerical staff) retained by the parties for the purpose of assisting counsel in the prosecution, defense or settlement of this Action;

///

1        D.    The named parties in this Action, or an officer, director, or
2 employee of a party deemed necessary by counsel to aid in the prosecution, defense,
3 or settlement of this Action;
4       E.    Percipient witnesses or witnesses at any deposition or other
5 proceeding in this Action ("Witnesses"); but only for the purpose of the prosecution,
6 defense, or settlement of the *Marquez* Action.
7       F.    Any other person as to whom the parties in writing agree.
8     Prior to receiving any Confidential Material, each Qualified Person shall be
9 provided with a copy of this Order and shall execute a nondisclosure
10 acknowledgement in the form of Attachment A, a copy of which shall be provided to
11 counsel for the parties.
12     9.    Depositions shall be taken only in the presence of Qualified Persons.
13     10.   If Confidential Material, including any portion of a deposition transcript
14 designated as Confidential, is included in any papers to be filed in Court, such papers
15 shall be labeled "Confidential -- Subject to Court Order" and filed under seal until
16 further order of this Court, in accordance with this Court's Local Rule 79-5.
17     11.   In the event that Confidential Material is used in any court proceeding in
18 this action, it shall not lose its confidential status through such use, and the party using
19 it shall take all reasonable steps to maintain its confidentiality during such use.
20     12.   This Order is made without prejudice to the right of the parties:
21       A.    To bring before the Court at any time the question of
22 whether any particular document or information is confidential or whether its use
23 should be restricted; or
24       B.    To present a motion to the Court pursuant to Federal Rule of
25 Civil Procedure 26(c) for a separate protective order as to any particular document or
26 information, including restrictions differing from those specified herein.
27     This Order shall not be deemed to prejudice the parties in any way in the future
28 application for modification of this Order. In the proceedings set forth in 12(A) and

12(B) above, it will be the burden of the party seeking confidentiality to persuade the Court that such information should be accorded confidential treatment.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. Upon the parties' written request following the final determination of this litigation, the opposing party shall return all copies of Confidential Materials to the offices of the requesting party's counsel within 30 days of the written request. If no request is made within 60 days of such final determination, the opposing parties shall destroy all Confidential Material.

15. The counsel of record for the parties are responsible for employing reasonable measures to control the duplication of, access to, and distribution of Confidential Information and Confidential Materials produced pursuant to this Order.

16. Notwithstanding the termination of this litigation, the Court shall retain jurisdiction over the parties and persons receiving Confidential Information or Confidential Material pursuant to the terms of this Order for the purpose of enforcing all obligations arising hereunder.

IT IS SO ORDERED.

Dated: 9/3/09

Hon. ~~Valerie Baker Fairbank~~ Charles F. Eick
~~U.S. District Court Judge~~
United States Magistrate Judge

# ATTACHMENT A
# ACKNOWLEDGMENT

I have read and understand the foregoing Stipulated Protective Order ("Order") in the case entitled *Francisca Marquez v. Wells Fargo & Company*, United States District Court, Central District of California Case Number CV09-3473-VBF, and I agree to be personally bound by its provisions.

DATED: _____    _____